ANNIE S. BERRY Appellant, v. J. T. McCONNELL et al., Respondents.

St. Louis Court of Appeals, February 2, 1915.

1. **APPELLATE PRACTICE: Conclusiveness of Finding.** The finding of the trial court on conflicting evidence, in an action at law tried to the court, is conclusive on the appellate court.

187MoApp43

2. **CONTRACTS: Interpretation: "Repairs:" "Reconstruction."**
Where one who had built a private sewer and had sold to
another the right to connect therewith, under an agreement
providing that each party should pay his proportion of the
expenses of repairs, had the sewer entirely taken up and
relaid along a different level, to get a proper fall therein, he
could not recover from the other, under the contract, the cost
of such work, since it was not "repairs," which means a restoring
to the former state, after decay, injury, dilapidation or partial
destruction, but a "reconstruction," which is a remodeling or
construction or building again.

Appeal from St. Louis County Circuit Court.—*Hon.
John W. McElhinney*, Judge.

A.FFIRMED.

*Sam. D. Hodgdon* and *R. H. Stevens* for appellant.

(1) The word repair means ''restoring to a sound
and good condition,'' ''not to make a new thing, but
to refit, make good, or restore an established thing, to
repairs a highway and streets includes the substitution
of a new curbstone and gutters for old ones, to mend,
refit, retouch, patch and tinker up.'' Anderson's Law
Dictionary, page 879; Black's Law Distionary, page
1023. As applied to a sewer means to keep it large
enough to carry off all the water naturally flowing in-
to it. Blood v. City Bangor, 66 Me. 156. Work in re-
pair of a drainage ditch may be done at places where
the original ditch was not located and established and
embankment and walls may be required, and material
may be obtained away from the ditch or a new channel
to straighten the old may be made. Yeomann's v.
Riddle, 84 Iowa, 157.

*J. C. Kiskaddon* and *A. H. Kiskaddon* for re-
spondents.

(1) Where the evidence is conflicting and no ex-
ceptions have been saved as to its competency, and

no instructions have been asked or given, or if given, not excepted to, the appellate court will not weigh the evidence or disturb the finding of the trial court sitting as a jury. Miller v. Breneke, 383 Mo. 163; Bray v. Kremp, 113 Mo. 552; Wielandy v. Lemuel, 47 Mo. 322; Harrison v. Bartlett, 51 Mo. 170; Zimmerman v. Railroad, 156 Mo. 561; Henry v. Railroad, 109 Mo. 488; Finley v. Railroad, 73 Mo. App. 643; Barber v. Muenchenberger, 105 Mo. App. 47. (2) Definition of "repair" and "reconstruct": "To repair a thing is to restore it to a sound state after decay, injury, delapidation, or partial destruction. To reconstruct is to build again. One who only assumes to repair a house could not be required to tear it down and rebuild it." State ex rel. v. Railroad Co., 85 Mo. 263; Ranney v. City of Cape Girardeau, 170 S. W. 342; Parker-Washington v. Meriwether, 158 S. W. 74; Ritterskamp v. Stifel, 59 Mo. App. 510; Farrell v. Rammelkamp, 64 Mo. App. 425; Jones v. Plummer, 137 Mo. App. 337; Rackliffe & Gibson v. Duncan, 130 Mo. App. 695. Repair means restore to its former condition, not to change either the form or material. Black's Law Dict. "Repair."

NORTONI, J.—This is a suit to recover a portion of the expense entailed through reconstructing a private sewer. The finding and judgment were for defendant and plaintiff prosecutes the appeal. A jury was waived and the trial had before the court. No declarations of law were requested by either party and none were given by the court of its own motion.

It appears that plaintiff owned a residence in St. Louis county, and constructed a private sewer therefrom to a sink hole, about 250 feet distant. The sewer was constructed of eight-inch sewer pipe, and, it is said, at a cost of $200. About two weeks after the sewer was completed, plaintiff sold the privilege to defendant to connect therewith through installing a

sewer from his residence. Defendant made the connection and the parties used the sewer for some two or three months; but upon the falling of a heavy rain, the water backed into plaintiff's cellar and the sewer became useless because of the deposit of mud and sediment therein. Plaintiff employed a sewer man to remedy the matter and upon investigation he discovered that the fault was in the original construction of the sewer. In order to render it useful, the pipe was disinterred for its full length and a new level established therefor. It appears that, in the original construction of the sewer, some portions of it were higher than others, and it was necessary to rebuild it entirely. It is said that at one point, near the center of the sewer line, the pipe was fourteen inches higher than at a point above, and that it was necessary to blast out some stone beneath in order to lower it. This work, as before said, entailed the reconstruction of the sewer from one end to the other. All of the sewer pipe was taken out, some blasting was done beneath where it formerly laid, a new level was ascertained and fixed, and a new incline established whereupon the sewer pipe was placed in the trench and filled over.

There is some evidence in the case that defendant and plaintiff jointly employed the sewer expert to perform this task but there is evidence to the contrary as well, and the court found the issue for defendant, as though he was in nowise obligated on that account. Of course, this feature of the case is concluded here by the finding of the trial judge.

But it is argued here that defendant must respond for his portion of the expense entailed because of his special contract to that effect which is declared upon in the case. On acquiring his right to connect with plaintiff's sewer, about two weeks after it was originally installed, the parties entered into a written contract concerning the subject-matter, and such is the

contract sued upon here. By the terms of this contract, defendant agreed to pay plaintiff $25—and it is said this amount was paid—for the privilege of connecting with the sewer. It is further stipulated therein to the effect that, ''in case repairs on sewer, each party connecting with said sewer shall stand his or her share of expenses for repairs.'' Plaintiff insists that the work of taking up the sewer and relaying it, above detailed, is to be regarded as a repair of the sewer, while it is insisted on the part of defendant that he is in nowise responsible therefor, for it was a reconstruction voluntarily undertaken on the part of plaintiff. In finding the issue and giving judgment for defendant, the court evidently concluded such was a reconstruction of the sewer and not a repair, and we concur in that view. The word ''repair'' means, according to Webster's Dictionary, to restore to a sound or good state after decay, injury, dilapidation, or partial destruction; to renew; to restore; to mend; as to repair a house, a road, a shoe, or a ship; to *repair* a shattered fortune. It is entirely clear that there was no repair of the sewer in the instant case but rather a reconstruction *in toto*. To reconstruct, according to Webster, means to construct again; to rebuild; to remodel; to form again or anew. and this is precisely what was done here. The entire sewer pipe was taken up, a new level was ascertained and a new incline established. The portions of the bed which were too high were blasted out and the pipe reinstalled with proper fall so as to carry the sewage away from the buildings. After this was done, the pipe was relaid anew and filled in with dirt above. The entire sewer was reconstructed and not repaired.

Our Supreme Court, in speaking of the distinction between the obligation to repair and the obligation to reconstruct a street, has said: ''To repair a thing is to restore it to a sound state after decay, injury,

dilapidation or partial destruction.    To reconstruct
is to construct or build again.    One who only assumes
an obligation to repair a house could not be required
to tear it down and to rebuild it.''    [See State ex rel.
Kansas City v. Corrigan, etc. Ry., 85 Mo. 263, 277.]
The defendant's ·obligation under the contract was to
contribute his part for repairs and not for reconstruc-
tion which his neighbor might cause to be done.    To
declare that the obligation to contribute for repair
of the sewer included as well an obligation to respond
for its reconstruction would violate the well-estab-
lished meaning of the word ''repair.''

The judgment. should be affirmed.    It is to or-
dered.    *Reynolds, P. J.,* and *Allen, J.,* concur.